**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL-JABBAR WEBSTER, | |
| Plaintiff, | Civil Action No. 13-1171 (ES) |
| v. | MEMORANDUM OPINION |
| OFFICER PAUL WOJTOWICZ, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. This matter is before the Court upon Defendants Jesse D. Hilburn and Paul Wojtowicz's (collectively, "Defendants") second Motion for Summary Judgment. (D.E. No. 61).

2. In a prior Opinion and Order, the Court granted in part and denied in part Defendants' first Motion for Summary Judgment. (D.E. Nos. 56 ("August 29th Opinion") & 57 ("August 29th Order")). Specifically, the Court granted the Motion on Plaintiff's slander claim, as well as his claims pursuant to the First, Fourth, Fifth, and Eighth Amendments. (August 29th Order). The Court also granted summary judgment with regard to Plaintiff's Fourteenth Amendment claim alleging excessive force, but denied summary judgment on his Fourteenth Amendment fabrication of evidence claim. (*Id.*). The Complaint also alleged a Fourth Amendment excessive force claim against Defendants, but Defendants declined to move for summary judgment on that claim.

3. Subsequently, with the permission of the Court, Defendants filed the instant Motion for Summary Judgment, seeking judgment in their favor on the Fourteenth Amendment fabrication of evidence claim and the Fourth Amendment excessive force claim. (D.E. No. 61). Plaintiff

has not filed any opposition.[1]

4. The allegations of the Complaint arise from an incident in April 2011 during which Defendants, who are officers with the Jersey City Police Department, arrested and charged Plaintiff with possession of a controlled dangerous substance, possession of a controlled dangerous substance with intent to distribute, possession of a controlled dangerous substance with intent to distribute within 1,000 feet of a school, possession of a controlled dangerous substance with intent to distribute within 500 feet of a public housing facility, resisting arrest, obstructing the administration of the law, and aggravated assault. (D.E. No. 61-3, Defendants' Statement of Undisputed Material Facts ("Defs.' SMF") ¶ 1).

5. A jury subsequently found Plaintiff guilty on three of those counts: possession of a controlled dangerous substance, possession with intent to dispense or distribute a controlled dangerous substance and possession with intent to dispense or distribute a controlled dangerous substance within 1,000 feet of school property. (*Id.* ¶ 2).

6. The state court sentenced Plaintiff to a term of ten years, with five years parole

---

[1] Summary judgment is appropriate if the moving party shows that there is "no genuine issue of any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The burden is on the moving party to show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof at trial, the moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant meets this burden, the nonmovant must then set forth specific facts that demonstrate the existence of a genuine issue for trial. *Id.* at 324; *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010). Conversely, where the moving party bears the burden of proof at trial, it "must show that it has produced enough evidence to support the findings of fact necessary to win." *El v. Se. Pa. Transp. Auth. (SEPTA)*, 479 F.3d 232, 237 (3d Cir. 2007). "Put another way, it is inappropriate to grant summary judgment in favor of a moving party who bears the burden of proof at trial unless a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law." *Id.* at 238.

Notably, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Swain v. City of Vineland*, 457 F. App'x 107, 109 (3d Cir. 2012) (stating that the non-moving party must support its claim "by more than a mere scintilla of evidence").

ineligibility.  (*Id.* ¶ 3).

7. With regard to Plaintiff's fabrication of the evidence claim, the Court stated the following in its prior Opinion:

> As to Webster's Fourteenth Amendment claim based on fabrication of evidence (i.e., that the Officers planted narcotics on him), the Third Circuit has held that there can be "a stand-alone Fourteenth Amendment claim predicated on the fabrication of evidence." *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014) ("[I]f a defendant has been convicted at a trial at which the prosecution has used fabricated evidence, the defendant has a stand-alone claim under section 1983 based on the Fourteenth Amendment if there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted."); *see also Ebuzor-Onayemi v. Union Cty. Police Dep't*, No. 16-1869, 2017 WL 1377640, at *3 (D.N.J. Apr. 12, 2017) ("In the Third Circuit, fabrication-of-evidence is a freestanding constitutional tort."). Here, the Officers have not moved for summary judgment on Webster's claim based on his fabrication-of-evidence allegation. Because this issue is not presently before the Court, Webster's claim that the Officers violated his substantive due process rights by "planting drug narcotics on [him]" (Compl. at 4) survives.

(August 29th Opinion at 13-14).

8. In the instant Motion, Defendants now argue that this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Court also stated in its prior Opinion:

> In *Heck*, the Supreme Court held that:
>
>> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, . . . declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks

3

> damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (emphasis in original)

(August 29th Opinion at 7). The Court further noted that *Heck* applies to § 1983 actions seeking either monetary damages or declaratory relief. (*Id.* (citing *Edwards v. Balisok*, 520 U.S. 641, 643 (1997))).

9. Plaintiff's fabrication of evidence claim, for which the sole supporting factual allegation in the Complaint is that Defendants "plant[ed] drug narcotics on [him]," is barred by *Heck*.[2] As stated above, Plaintiff was convicted of possession of a controlled dangerous substance, possession with intent to dispense or distribute a controlled dangerous substance and possession with intent to dispense or distribute a controlled dangerous substance within 1,000 feet of school property. If Plaintiff is successful with his § 1983 fabrication of evidence claim, it would require a finding that fabricated evidence was used at trial and, without that evidence, there is a reasonable likelihood he would not have been convicted. *See Halsey*, 750 F.3d at 294. Certainly, a finding in this matter that the drug evidence was fabricated, i.e. planted on Plaintiff, and without such evidence, there is a reasonable probability that Plaintiff would not have been

---

[2] The Court notes that even if not barred by *Heck*, this claim would be subject to dismissal as insufficiently pled under *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

convicted, would necessarily imply the invalidity of his convictions on the drug possession charges. *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (holding that claim that defendants conspired to obtain a conviction by "committing perjury and/or fabricating evidence" barred by *Heck*); *Spuck v. Clearfield Cty., Pa.*, 540 F. App'x 73, 74 (3d Cir. 2013) (planting false evidence claim barred by *Heck*); *Tillery v. Wittevrongels*, No. 17-2366, 2017 WL 1927923, at *3 (D.N.J. May 10, 2017) ("[T]he implied invalidity of the conviction arising out of altered evidence is exactly what a plaintiff is required to plead to proceed on a fabricated/altered evidence claim . . . . Thus, where a plaintiff raises a claim for money damages asserting that altered or fabricated evidence was used against him at trial and resulted in his conviction, that claim is barred by the *Heck* doctrine unless and until he has his conviction arising out of that evidence invalidated.").

10. As such, Plaintiff's Fourteenth Amendment falsification of evidence claim is dismissed without prejudice. *See Coulston v. Superintendent Houtzdale* SCI, 651 F. App'x 139, 143 (3d Cir. 2016) ("We stress that the claims denied on *Heck* grounds are without prejudice."); *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that *Heck* dismissals are without prejudice).

11. On Plaintiff's excessive force claim, Defendants argue that the Court lacks jurisdiction to grant the relief he seeks. In the Complaint, Plaintiff requests that the Court "discipline these officers because they have abuse [sic] they [sic] authority knowingly, discipline them for transgress all bounds." (Compl. ¶ 7). However, Defendants argue that because disciplining police officers falls outside of this Court's jurisdiction, *see In Re Telfair*, 745 F. Supp. 2d 536, 538 (D.N.J. 2010), and that is the only relief he seeks, Plaintiff's excessive force claim must be dismissed.

12. Reading the Complaint broadly, as this Court is required to do for a *pro se* plaintiff, the Court finds that Plaintiff's request for "disciplining the officers" can be construed to seek monetary, as well as declaratory relief. This is especially true when looking at the allegations of the Complaint as a whole, wherein he describes the administrative remedies he sought prior to filing the Complaint and stated: "no relief was resolved *nor* was the officer discipline[d]…" (Compl. ¶ 5) (emphasis added). Moreover, Plaintiff later submitted a copy of his hospital medical bills, also supporting the inference that he intended to seek monetary damages as well in his Complaint. *See Sheppard v. Zavis*, No. 11-2398, 2012 WL 2341036, at *7 (D.N.J. June 19, 2012) ("Construing Plaintiff's amended complaint liberally in light of his *pro se* status, the Court concludes that Plaintiff's allegations regarding his injuries can reasonably be considered as Plaintiff's attempt to seek compensatory damages for actual losses he may have sustained.").[3] Because the Court does not interpret Plaintiff's request for relief as strictly as Defendants do, their Motion for Summary Judgment as to Plaintiff's excessive force claim is denied.

13. For these reasons, the Court GRANTS-IN-PART the Defendants' Motion for Summary Judgment.

14. An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[3] The Court notes that Defendants have also failed to address the fact that Plaintiff may seek nominal damages, as "it is not necessary to allege nominal damages [in the complaint]." *Allah v. Al-Hafeez*, 226 F.3d 247, 251 (3d Cir. 2000) (citing *Basista v. Weir*, 340 F.2d 74, 87 (3d Cir. 1965).